**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WILLIAM A. LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:15-cv-00605 |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA HOUSING | ) | |
| AUTHORITY, and | ) | |
| | ) | |
| ADRIANNE TODMAN, in her official capacity | ) | |
| as the Executive Director of the District of | ) | |
| Columbia Housing Authority, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S 28 U.S.C. § 1631 MOTION TO TRANSFER

Pursuant to this Court's Memorandum Opinion of February 29, 2016, ECF No. 25,

Plaintiff William A. Long ("Plaintiff" or "Mr. Long") respectfully requests that this Court

transfer this action to the District of Columbia Court of Appeals ("D.C. Court of Appeals"),

which—in light of a court decision rendered after this action was filed—has jurisdiction over Mr.

Long's challenge to Defendants' decision to terminate his assistance from and participation in

the District of Columbia Housing Authority's ("DCHA") Housing Choice Voucher Program

("HCVP").

Pursuant to Local Civil Rule 7, Plaintiff is filing a Memorandum of Points and

Authorities.

Respectfully submitted,

/s/ William M.R. Barrett
William M.R. Barrett
Volunteer Attorney
WASHINGTON LEGAL CLINIC FOR THE HOMELESS
Associate Attorney
WHITE & CASE LLP
701 13th Street, NW
Washington, D.C. 20005-3807
Phone: (202)-729-2308
Email: william.barrett@whitecase.com
DATED: June 2, 2016                     DC Bar # 102297; VA #85729

## CERTIFICATE OF SERVICE

I, William Barrett, hereby certify that on the 2nd day of June, I served the foregoing Plaintiff's

Motion to Transfer by electronic case filing upon:


Alex M. Chintella
DOUGLAS & BOYKIN PLLC
1850 M Street NW, Ste. 640
Washington, D.C. 20036
achintella@douglasboykin.com

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION…………………………………………………………………6

II.  THIS COURT SHOULD TRANSFER THIS ACTION TO THE D.C. COURT OF APPEALS, PURSUANT TO 28 U.S.C. § 1631. …………………………………….……8

  1.  IN LIGHT OF MATHIS, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER MR. LONG'S CLAIM………………………………………………………………...9

  2.  TRANSFER TO THE D.C. COURT OF APPEALS IS IN "THE INTERESTS OF JUSTICE." …….9

  3.  MATHIS HOLDS THAT THIS ACTION SHOULD HAVE BEEN BROUGHT IN THE D.C. COURT OF APPEALS………………………………………………………………11

III. IN THE ALTERNATIVE, MR. LONG MOVES THIS COURT TO DISMISS HIS REMAINING CLAIMS WITHOUT PREJUDICE………………………………..….12

IV. MR. LONG REQUESTS THAT THE BRIEFING SCHEDULE BE STAYED PENDING THE COURT'S RULING ON THIS MOTION, AND DEFENDANTS CONSENT TO A STAY………………………………………………………………………...……..13

V.  CONCLUSION………………………………………………..........................14

## TABLE OF AUTHORITIES

**Cases**

*Capital Bank Int'l, Ltd. v. Citigroup, Inc.*, 276 F. Supp. 2d 72 (D.D.C. 2003) ............................ 9

*Conafay v. Wyeth Labs.*, 793 F.2d 350 (D.C. Cir. 1986)............................................................. 12

*Delta Sigma Theta Sorority Inc. v. Bivins*, 20 F. Supp. 3d 207 (D.D.C 2014)............................. 9

*Fasolyak v. The Crade Soc'y, Inc.*, No. 06-1126, 2007 U.S. Dist. LEXIS 52041 (D.D.C. July 19, 2007)....................................................................................................................................... 8

*FMC Corp. v. United States Environmental Protection Agency*, No. 07-02277, U.S. Dist. LEXIS 133961 (D.D.C. November 11, 2011) .................................................................................... 13

*Freedman v. Sunstrust Banks, Inc.*, No. 14-1575, 2015 U.S. Dist. LEXIS 125591 (D.D.C. September 21, 2015) .............................................................................................................. 7

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) ........................................................................... 7

*Hill v. U.S. Air Force*, 795 F.2d 1067 (D.C. Cir. 1986) ............................................................... 8

*Hisler v. Galludet Univ.*, 344 F.2d 29, 37 (D.D.C. 2004)........................................................... 13

*In re Vitamins Antitrust Litig.*, No. 99-197, 2000 U.S. Dist. LEXIS 17424 (D.D.C. November 22, 2000)..................................................................................................................................... 12

*Mathis v. District of Columbia Housing Authority*, 124 A.3d 1089 (D.C. 2015)......................... 5

*Pedzewick v. Foe*, 963 F. Supp. 48 (D. Mass 1997) ..................................................................... 8

*Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C. Cir. 1983) ....................................................... 9

**Statutes**

28 U.S.C. § 1631 ............................................................................................................................. 5

D.C. Code § 11-722 ........................................................................................................................ 5

D.C. Code § 2-150 .......................................................................................................................... 5

**Rules**

Fed R. Civ. P. 41(a) ...................................................................................................................... 12

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

WILLIAM A. LONG,           )
                              )
      Plaintiff,           )
                              )
                              )
                              )     Case No. 1:15-cv-00605
v.                          )
                              )
DISTRICT OF COLUMBIA HOUSING    )
AUTHORITY, and           )
                              )
ADRIANNE TODMAN, in her official capacity  )
as the Executive Director of the District of  )
Columbia Housing Authority,     )
                              )
      Defendants.        )

<u>**PLAINTIFF'S 28 U.S.C. § 1631 MOTION TO TRANSFER**</u>

## I.  <u>INTRODUCTION</u>

In this Court's February 29, 2016 Memorandum Opinion, the Court requested that the

parties provide additional briefing on the issue of whether the cited provisions of the Housing

Act that Mr. Long alleges were violated by Defendants create the type of individual rights that

are enforceable by private litigants under 42 U.S.C. § 1983.  *See* Memorandum Opinion, ECF

No. 25 at 22-23 & n.9.  In addition, this Court specifically requested that the parties address

whether there are "**any alternative means** of challenging DCHA's decision, such as pursuant to

the District of Columbia Administrative Procedures Act."  *Id.* at n.9 (emphasis added).  This

motion addresses those alternative means, and moves to transfer this action to the District of

Colombia Court of Appeals in light of that court's decision in *Mathis v. District of Columbia*

*Housing Authority*, 124 A.3d 1089 (D.C. 2015).[1]  *Mathis* was decided during the pendency of

---

[1] The D.C. Court of Appeals decision in *Mathis* is provided as **Exhibit 1**.

this action—on October 8, 2015, and provides an alternative and more appropriate avenue for Mr. Long to challenge DCHA's decision to termination his participation in the Housing Choice Voucher Program ("HCVP") in the circumstances presented in this case.  Accordingly, pursuant to 28 U.S.C. § 1631, Mr. Long moves to transfer this action to the D.C. Court of Appeals.

In *Mathis*, the D.C. Court of Appeals held that it has exclusive jurisdiction to review orders and decisions of any agency of the District of Columbia in accordance with the District of Columbia Administrative Procedure Act.  *Id*. at 1099-1101.[2]

The *Mathis* court held that where an agency proceeding meets the definition of a "contested case" under the D.C. Administrative Procedures Act judicial review rests "exclusively" in the District of Columbia Court of Appeals.  The court held that DCHA's informal hearing procedures challenging DCHA terminations of HCVP participation, as set forth by DCHA's governing regulations, are "contested cases."  *Id*. at 1100.  Accordingly, direct judicial review of these agency proceedings rests exclusively with the D.C. Court of Appeals. *Id*.  *Mathis* also acknowledged that DCHA's regulations regarding judicial review of a DCHA determination to terminate HCVP participation "suppl[ied] HCVP participants with incorrect or at least misleading information."  Specifically, 14 DCMR § 8095.4(a), as currently written, instructs HCVP participants seeking judicial review of an adverse DCHA informal hearing decision to file a de novo proceeding in D.C. Superior Court.  The regulation thus suggests that

---

[2] In reaching this decision, the Court of Appeals cited to two provisions of the D.C. Official Code:

    (1)    **D.C. Code § 2-150(a)**: "[a]ny person suffering a legal wrong, or adversely affected or aggrieved, by an order or decision of  . . . an agency in a contested case, is entitled to judicial review thereof. . .upon filing in the District of Columbia Court of Appeals a written petition for review."

    (2)    **D.C. Code § 11-722**: "The District of Columbia Court of Appeals has jurisdiction . . .to review orders and decisions of  . . . any agency of the District of Columbia. . .in accordance with the District of Columbia Administrative Procedures Act."

*Id*. at 1099.

direct judicial review is not available, and that an HCVP participant seeking to challenge an DCHA termination determination must file a de novo action.[3] *Mathis* makes clear that this language is incorrect.

As noted above, *Mathis* was decided on October 8, 2015, nearly six months after Mr. Long filed this action on April 22, 2015, and more than a month after Defendants filed their motion for summary judgment. *See* Defs.' Mot. Summ. J., ECF No. 16. Not until *Mathis* was decided by the D.C. Court of Appeals was it clear that direct judicial review of agency proceedings such as Defendant DCHA's decision to terminate Mr. Long was available and that such jurisdiction rested exclusively in the D.C. Court of Appeals. In fact, prior to *Mathis*, DCHA's regulations incorrectly suggested that this type of direct judicial review was unavailable, leaving only a de novo proceeding such as the instant action, a suggestion that *Mathis* has now deemed misleading and inconsistent with the District of Columbia Administrative Procedures Act. *Mathis* clarified that the appropriate avenue for litigants such as Mr. Long to appeal adverse DCHA determinations with respect to HCVP status and participation is the D.C. Court of Appeals.[4] Accordingly, pursuant to 28 U.S.C. § 1631, Plaintiff now moves this court to transfer this case to the D.C. Court of Appeals.

## II.   THIS COURT SHOULD TRANSFER THIS ACTION TO THE D.C. COURT OF APPEALS, PURSUANT TO 28 U.S.C. § 1631.

Courts have authority under 28 U.S.C. 1631 to transfer a case filed in the wrong jurisdiction, "if it is in the interests of justice to do so." *Freedman v. Sunstrust Banks, Inc.*, No.

---

[3] While the regulation does not mention a proceeding in federal court, such an action is similar in certain respects to a de novo challenge in D.C. Superior Court. As this Court noted in the February 29, 2016 Memorandum Opinion, the availability of a federal cause of action may be limited.

[4] This is not to suggest that a de novo action in federal court or D.C. Superior Court no longer is available. For example, an HCVP participant raising a constitutional challenge (where relief under 42 U.S.C. § 1983 is available without question) still has the option of filing this kind of challenge, either in federal or D.C. Superior Court.

14-1575, 2015 U.S. Dist. LEXIS 125591, at *9 (D.D.C. September 21, 2015).   When a case is transferred pursuant to 28 U.S.C. 1631, it "proceed[s] as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred." *Id*. (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

There are three elements to a transfer under 28 U.S.C. 1631:

**(1) There must be a lack of jurisdiction in the district court;**

**(2) The transfer must be in the interests of justice;**

**(3) The transfer can be made only to a court in which the action could have been brought at the time it was filed or notice.**

*Freedman*, 2015 U.S. Dist. LEXIS 125591 at *9 (citing *Fasolyak v. The Crade Soc'y, Inc.*, No. 06-1126, 2007 U.S. Dist. LEXIS 52041, at *11 (D.D.C. July 19, 2007). All three elements are met in this case.

**1. IN LIGHT OF THE QUESTIONS RAISED BY THIS COURT, THIS COURT LIKELY LACKS SUBJECT MATTER JURISDICTION OVER MR. LONG'S CLAIM**

The D.C. Circuit has interpreted 28 U.S.C. 1631 to allow for a transfer where a court lacks subject matter jurisdiction.   In the February 29, 2016 Memorandum Opinion, this Court raised serious questions about whether 42 U.S.C. § 1983 provides an avenue of relief for the kind of claims raised by Mr. Long in this case.   For purposes of this Motion, Mr. Long is willing to concede that this court lacks subject matter jurisdiction.   Moreover, *Mathis* now makes clear that jurisdiction over claims seeking direct judicial review of an informal hearing decision and the decision of Defendant Adrianne Todman, Executive Director of the DCHA rests exclusively with the D.C. Court of Appeals.   The type of legal claims that Mr. Long asserts – that DCHA's termination of his participation in the HCVP is not in accordance with federal law in various respects – are best resolved through direct judicial review of the administrative decisions in question, rather than what amounts to a collateral attack under 42 U.S.C. § 1983.   Accordingly,

the first requirement of section 1631—that the district court in which the action was originally filed lacks jurisdiction—is met in this case because this Court lacks subject matter jurisdiction over Mr. Long's remaining claims.[5]

## 2. TRANSFER TO THE D.C. COURT OF APPEALS IS IN "THE INTERESTS OF JUSTICE."

As the D.C. Court of Appeals made clear in *Mathis*, DCHA's regulations regarding judicial review of DCHA informal hearing decisions and subsequent reviews by the Executive Director provided HCVP participants with "misleading information."  Moreover, at the time Mr. Long filed this action in this Court, it was unclear whether a federal law claim challenging the decision of Defendant Todman could be reviewed by the D.C. Superior Court.  Had *Mathis* been decided prior to Mr. Long filing his complaint with this court, Mr. Long would have sought direct judicial review in the D.C. Court of Appeals of the decision to terminate his HCVP assistance.  Furthermore, at the time Mr. Long filed with this court, it was reasonable for Mr. Long to proceed in federal court, to raise what are essentially federal law claims challenging DCHA's decision and the conflict between (1) the federal statute, regulations and court cases, and (2) HUD guidance and D.C. regulations.  In light of *Mathis*, it is now clear that Mr. Long should have filed this action in the D.C. Court of Appeals.

The D.C. Circuit has held that transfer is in the "interest of justice" where transfer would save the parties time and expense associated with refiling.  *See, e.g.*, *Capital Bank Int'l, Ltd. v. Citigroup, Inc.*, 276 F. Supp. 2d 72, 78 (D.D.C. 2003).  Since challenging DCHA's decision to

---

[5] While there is some division among the courts as to whether 28 U.S.C. § 1631 cover situations where a court lacks *personal jurisdiction*, the D.C. Circuit and most courts have found that a court may transfer whether there is want of any jurisdiction, whether it is subject matter or personal jurisdiction. *See, e.g.*, *Hill v. U.S. Air Force*, 795 F.2d 1067, 1068-1070 (D.C. Cir. 1986) (considering whether a district court abused its discretion in refusing to transfer a case under section 1631 for lack of personal jurisdiction); *see also Pedzewick v. Foe*, 963 F. Supp. 48, 50 (D. Mass 1997) (suggesting that Section 1631 only allows for transfer where a court lacks subject matter jurisdiction). Accordingly, there appears to be no debate over whether a court can transfer for want of *subject matter jurisdiction*.

terminate his HCVP assistance through DCHA's own informal hearing procedures in June 2014, Mr. Long has been represented by counsel on a *pro bono* basis.  The time and expense saved by transferring this action to the D.C. Court of Appeals as compared with refiling in that court warrants a transfer.  Moreover, where transfer would not prejudice the defendant, transfer is in the "interests of justice."  *See, e.g.*, *Delta Sigma Theta Sorority Inc. v. Bivins*, 20 F. Supp. 3d 207, 209 (D.D.C 2014).   Like Mr. Long, a transfer would save the Defendants the time and expense associated with refiling this case in the D.C. Court of Appeals.[6]  Furthermore, in light of *Mathis*, DCHA would benefit from litigating the types of claims brought by Mr. Long in a single forum.  Indeed, an appeal currently pending in the D.C. Court of Appeals filed by another HCVP participant who was terminated from the HCVP based on his lifetime sex offender registrant status raises nearly identical legal issues to those raised by Mr. Long in challenging his own termination on the same basis.  *See Nelson Bostic v. D.C. Housing Authority*, Case No. 15-AA-386.   Transferring this case to the D.C. Court of Appeals would provide both Mr. Long and Defendants with an appropriate forum to "efficiently litigat[e] this matter.  *See, e.g.*, *Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C. Cir. 1983).

### 3.   *MATHIS* HOLDS THAT THIS ACTION COULD HAVE BEEN BROUGHT IN THE D.C. COURT OF APPEALS

Finally, a district court may transfer an action under Section 1631 only to a court in which the action "could have been brought at the time it was filed or noticed."  As *Mathis* makes clear, this action could have been brought in the D.C. Court of Appeals at the time it was filed with this court in April 2015.

---

[6] Mr. Long intends to seek judicial review in the D.C. Court of Appeals in the event this court dismisses his claims.

### III.   IN THE ALTERNATIVE, MR. LONG MOVES THIS COURT TO DISMISS HIS REMAINING CLAIMS WITHOUT PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(a), a court may grant a voluntary dismissal of an action.  Fed R. Civ. P. 41(a).  Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on the terms and conditions that the court deems proper.  Fed. R. Civ. P. 41(a)(2).  Dismissals under Rule 41(a)(2) "generally [a]re granted in the federal courts unless the defendant would suffer prejudice *other than the prospect of a second lawsuit or some tactical advantage*." *Conafay v. Wyeth Labs*., 793 F.2d 350, 353 (D.C. Cir. 1986) (emphasis added).  The factors the court considers in applying Rule 41(a)(2) are whether the plaintiff seeks the voluntary dismissal in good faith, and whether the dismissal would prejudice the defendant.  *In re Vitamins Antitrust Litig.*, No. 99-197, 2000 U.S. Dist. LEXIS 17424, at *42-*43 (D.D.C. November 22, 2000).

While Mr. Long maintains that a transfer to the D.C. Court of Appeals is the most appropriate action.  However, if this Court denies that motion, Mr. Long alternatively seeks for a voluntary dismissal of his outstanding claims *without prejudice*.  Plaintiff seeks voluntary dismissal in good faith for the reasons set forth above—specifically, the more appropriate forum (as indicated by a court decision) for his challenge to DCHA's termination of his HCVP benefits. This fact was not known by Mr. Long until almost seven months after he filed his complaint with this Court, when the D.C. Court of Appeals rendered its decision in *Mathis*.  Therefore, Mr. Long seeks voluntary dismissal in good faith.

In addition, Defendants would not be prejudiced by voluntary dismissal of Mr. Long's outstanding claims.  Other than having to defend Mr. Long's challenge to their actions in the more appropriate forum, Defendants can point to no other prejudice that would preclude this court from granting a voluntary dismissal without prejudice.  This court has found that the

"pendency of a dispositive motion prior to dismissal does not connote legal prejudice. *In re Vitamins*, No. 99-197, 2000 U.S. Dist. LEXIS 17424, at *42-*43; *see also FMC Corp. v. United States Environmental Protection Agency*, No. 07-02277, U.S. Dist. LEXIS 133961, at *14-*15 (D.D.C. November 11, 2011). This court has also found that the fact Defendants have already expended resources does not constitute legal prejudice, as efforts in litigating a case could be useful in future litigation. *Hisler v. Galludet Univ.*, 344 F.2d 29, 37 (D.D.C. 2004). Moreover, this Court has made clear that defending another lawsuit or a tactical advantage are not sufficient grounds for prejudice such that a court would deny Mr. Long's motion. *FMC Corp.*, No. 07-02277, U.S. Dist. LEXIS 133961, at *14-*15. Accordingly, voluntary dismissal of Mr. Long's remaining claims would not prejudice the Defendants in this case.

Finally, Mr. Long notes that in exchange for withdrawing his motion for a preliminary injunction to prohibit DCHA from termination is participation in HCVP, DCHA agreed to stay his termination from HCVP pending the outcome of litigation over his HCVP rights. *See* Consent Motion to Withdraw Motion for Preliminary Injunction (ECF No. 11); Order Granting Parties' Joint Motion to Withdraw. Whatever action this Court decides to take with respect to these motions, Mr. Long respectfully requests that the court not disrupt the stay, especially given that terminating Mr. Long from HCVP would immediately render him homeless.

## IV.   MR. LONG REQUESTS THAT THE BRIEFING SCHEDULE BE STAYED PENDING THE COURT'S RULING ON THIS MOTION, AND DEFENDANTS CONSENT TO A STAY.

Pursuant to this Court's April 29, 2016 Scheduling Order, the first of the parties' renewed motions for summary judgment is currently due June 3, 2016. Mr. Long respectfully requests that this court issue an order staying further proceedings in this action pending a ruling on this

motion to transfer this action to the D.C. Court of Appeals for the reasons set forth above. Defendants have consented to a stay pending the Court's ruling on these motions.[7]

## V.  **CONCLUSION**

For the foregoing reasons, Mr. Long respectfully requests that this Court transfer this action to the D.C. Court of Appeals. In the alternative, if this Court denies the motion to transfer, Mr. Long respectfully requests that this court dismiss his remaining claims without prejudice. Proposed orders are attached.

Respectfully Submitted:

/s/ William M.R. Barrett
William M.R. Barrett
Volunteer Attorney
WASHINGTON LEGAL CLINIC FOR THE HOMELESS
Associate Attorney
WHITE & CASE LLP
701 13th Street, NW
Washington, D.C. 20005-3807
Phone: (202)-729-2308
Email: william.barrett@whitecase.com
DC Bar # 102297; VA #85729

COUNSEL FOR PLAINTIFF

---

[7] Counsel for Defendants consented to a stay of the briefing schedule via email correspondence on June 2, 2016.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM A. LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 1:15-cv-00605 |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA HOUSING | ) | |
| AUTHORITY, and | ) | |
| | ) | |
| ADRIANNE TODMAN, in her official capacity | ) | |
| as the Executive Director of the District of | ) | |
| Columbia Housing Authority, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Upon consideration of Plaintiff William A. Long's 28 U.S.C. § 1631 Motion to Transfer,

it is hereby

ORDERED that Plaintiff's Motion is GRANTED, and that this action is hereby

transferred to the District of Columbia Court of Appeals;

SO ORDERED

_____
Hon. Rudolph Contreras
United States District Judge

_____
Washington, D.C.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIAM A. LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | )   Case No. 1:15-cv-00605 |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA HOUSING | ) |
| AUTHORITY, and | ) |
| | ) |
| ADRIANNE TODMAN, in her official capacity | ) |
| as the Executive Director of the District of | ) |
| Columbia Housing Authority, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Upon consideration of Plaintiff William A. Long's Motion to Dismiss without prejudice,

it is hereby

ORDERED that Plaintiff's Motion is GRANTED, and that this action is hereby

dismissed without prejudice;


SO ORDERED

_____
Hon. Rudolph Contreras
United States District Judge


_____
Washington, D.C.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIAM A. LONG,                                  ) | |
|                                                           ) | |
|     Plaintiff,                              ) | |
|                                                           ) | |
|                                                           ) | |
|                                                           )  Case No. 1:15-cv-00605 | |
| v.                                                       ) | |
|                                                           ) | |
| DISTRICT OF COLUMBIA HOUSING       ) | |
| AUTHORITY, and                                ) | |
|                                                           ) | |
| ADRIANNE TODMAN, in her official capacity  ) | |
| as the Executive Director of the District of      ) | |
| Columbia Housing Authority,                    ) | |
|                                                           ) | |
|     Defendants.                         ) | |

**ORDER**

Upon consideration of Plaintiff William A. Long's 28 U.S.C. § 1631 Motion to Transfer and Motion to Dismiss without prejudice, and Defendants' consent to a stay of the briefing schedule, it is hereby

ORDERED that the briefing schedule is stayed pending a resolution to Plaintiff's motions;

SO ORDERED

_____
Hon. Rudolph Contreras
United States District Judge

_____
Washington, D.C.